Michael SHAKMAN, et al., Plaintiffs,

v.

DEMOCRATIC ORGANIZATION OF COOK COUNTY, et al., Defendants.

Petition of Richard L. VOYTAS.

No. 69 C 2145.

United States District Court, N.D. Illinois, E.D.

April 12, 1983.

---

Elaine Bucklo, Donald Johnson, Marty Schwartz, Johnson & Bucklo, Chicago, Ill., for plaintiffs.

Francis J. Higgins, Larry L. Thompson, Bell, Boyd & Lloyd, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is respondents' Motion to Dismiss the Petition for a Rule to Show Cause why certain respondents should not be held in civil contempt of court for violation of this Court's 1972 *Shakman* decree. For the reasons stated herein, the Motion to Dismiss is denied.

## FACTS

Petitioner's allegations reveal that from October 3, 1977 until August 15, 1982, petitioner was an employee of the City of Chicago's Department of Sewers as a laborer. On August 16, 1977, petitioner became ill and was required to have gall bladder surgery. When petitioner informed his supervisors of his illness and that he would be out of work for roughly eight weeks, he was told that he would have no problem retaining his job. However, when he attempted to return to work, he was informed that he had been terminated and that he would have to get a sponsorship letter from his ward committeeman to get reinstated. Although on October 12, 1982 he produced such a letter, he was not reinstated.[1] It is now claimed that the reason he was terminated and not reinstated was that the committeeman from whom he received his sponsorship letter was U.S. Representative William O. Lapinsky, a political foe of Mayor Jane Byrne and the regular Democratic Organization.

## DISCUSSION

■ I. Respondents argue that the instant petition fails to state a claim under the 1972 consent decree entered by the Court in this case as, they claim, the petition raises questions not of termination, which would fall under the consent decree, but of hiring which falls under the judgment entered by this Court on April 4, 1983 and is inapplicable to the case at bar. The Court does not concur in this analysis.

Necessarily, when an individual is terminated and seeks to regain his former position, an issue of firing as well as one of hiring is presented. However, that the latter is present does not preclude the Court from hearing the former issue, even though a claim may only be brought on the former issue. The petition clearly sets out a claim concerning termination. It specifically states that the named respondents,

> caused the termination of Mr. Voytas' employment and refused to rehire him

1. Petitioner has, as of February 16, 1983, been reinstated to his former position. He neverthe-less seeks backpay and attorneys' fees in the instant action.

because Mr. Voytas did not have acceptable political sponsorship and because he refused to make political contributions to Mayor Jane Byrne's campaign fund and other funds sponsored by respondent Quigley, or Cook County Democratic officials. (Voytas' Petition at ¶ 2.)

That petitioner sought to be rehired does not preclude this Court from considering his claim regarding termination. The petition clearly states a claim in this regard and cannot be dismissed for failure to state a claim arising under the 1972 decree.

■ II. Respondents assert that Voytas' petition fails to allege any violation of the 1972 decree against respondent Quigley. It is argued that the only allegation concerning Quigley states that petitioner's personnel file was "sent in to Commissioner Quigley" along with the required sponsorship letter. Respondents claim that such a statement does not contain the requisite facts to form the basis of the civil contempt charge contained in the case at bar. However, respondents fail to note that Quigley is alleged to have caused the termination of petitioner and that, by respondent's own admission, Quigley, as the Commissioner of the Department, was the only person with the authority to hire or fire an employee. Viewing the petition liberally as required by *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a claim has been sufficiently stated by the petitioner. The Motion to Dismiss respondent Quigley must therefore be denied.

■ III. Respondents argue that petitioner has failed to demonstrate his standing to seek relief under the provisions of the *Shakman* decree in that the petitioner has asserted only his own individual interests as a public employee and not those of the independent candidates or the independent voter-taxpayers whose constitutional rights were specifically protected by the 1972 decree. However, as the Court noted in *Shakman v. Democratic Organization, In re: Petition of Edward Zielinski*, 69 C 2145

(April 20, 1981), such an argument must fail. To allege standing in a *Shakman* petition, a government employee as defined in ¶ B of the consent decree must only be a registered voter.[2] Necessarily, such an employee represents, at least in part, the varied interests of the "independents" by virtue of the fact that he or she is at odds with those whose conduct is restricted by the decree. It having been declared that the patronage system harms the public as a whole, perhaps the most effective and certainly the most realistic means of minimizing such harm is through actions brought by individual employees, acting on their own behalf, who have sufficient immediate knowledge and interest to pursue an enforcement action. By definition, the public interest is a nebulous concept. Allowance of standing in cases such as that at bar helps to minimize the difficulties inherent in serving such an interest.

## CONCLUSION

For the reasons stated herein, the respondents' Motion to Dismiss is hereby denied.

IT IS SO ORDERED.

---

**2.** Respondents' initial contention that petitioner lacked standing to proceed under the *Shakman* decree because he failed to allege that he was a registered voter has been mooted by petitioner's supplemental affidavit to that effect filed March 4, 1983.